UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | |
|---|---|
| THE PEOPLES BANK OF MARION, KENTUCKY | APPELLANT |
| v. | No. 1:21-cv-149-BJB |
| NUTRIEN AG SOLUTIONS, INC., ET AL. | APPELLEES |

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER
## ON APPEAL FROM THE BANKRUPTCY COURT

The Peoples Bank of Marion, Kentucky appeals an order of the Bankruptcy Court holding that Peoples Bank has an unsecured claim on the bankruptcy estate of Joshua and Nathan Duvall. Peoples Bank argues that it has a secured claim because it perfected a loan to Joshua and Nathan's partnership, D & D Farms, which was backed by a lien on the partnership's farm equipment. The Bankruptcy Court concluded, however, that D & D Farms did not have rights in the claimed collateral. Because that conclusion is correct—or, at a minimum, a reasonable application of the law to this factual record—the claimed security interest failed to attach. So Peoples Bank has an unsecured claim, and the Court affirms the order of the Bankruptcy Court.

### I.  The Record and Proceedings Below

Joshua and Nathan Duvall operate a farm in Warren County, Kentucky. Bankr. Op. at 2 (DN 1 at 11). For more than twenty years, the two brothers each individually acquired equipment for use on the farm, which they operated as an unincorporated partnership called "Duvall Farms." *Id.* at 17. To finance their operations, the Duvall brothers took out several loans in their own names (sometimes separately and other times as a pair) secured by that farm equipment. *Id.* at 11–15.

Unfortunately the Duvalls eventually encountered financial difficulties. By 2019, each brother's equipment was encumbered by several liens, and some of the obligations secured by those liens were in default. Appendix 2 (DN 11-1) at 46 (Joshua Duvall affidavit); *id.* at 75 (Nathan Duvall affidavit). To pay off some of those loans, the brothers formed a new partnership called "D & D Farms," with the intent that the partnership would take out a new loan from Peoples Bank in May 2019. Bankr. Op. at 7. Peoples Bank loaned D & D Farms that money, which the Duvalls used to pay other creditors. *Id.* at 6.

1

The Peoples Bank loan was secured by the partnership's farm equipment. *Id.* The brothers entered into multiple agreements with the bank, including a promissory note, three security agreements, and three hypothecation agreements.[1] *Id.* The security and hypothecation agreements list D & D Farms (not either brother, or both) as the debtor, with each brother pledging his individual interest in the farm equipment as security for the loan. *Id.* at 7; Appendix 1 (DN 10-1) at 20–37 (security agreements); Appendix 2 at 61–66 (hypothecation agreements). The promissory note, however, does not state that the equipment serving as collateral is held by a third-party grantor, even though it does list D & D Farms as the debtor. *Id.* at 58–59. Peoples Bank likewise filed financing statements that list D & D Farms as the debtor and describe the collateral as "all farm equipment" without noting that the collateral includes property owned individually by Joshua or Nathan. Bankr. Op. at 6; Appendix 1 at 52–54 (financing statements).

Later in 2019, Joshua and Nathan filed Chapter 12 petitions for bankruptcy in this district's Bankruptcy Court, which consolidated their proceedings. Bankr. Op. at 6. Nutrien Ag Solutions initiated an adversary proceeding to determine the priority of claimed security interests in the Duvalls' farm equipment. *See* FED. R. BANKR. P. § 7001. The Bankruptcy Judge held that Peoples Bank has only an unsecured interest because even if the bank had perfected a security interest in D & D Farms' equipment, the brothers never transferred their farm equipment to that partnership. Bankr. Op. at 13, 16; Bankr. Judgment at 2 (DN 1 at 31). The judge found, based on the documentary evidence in the record, that Joshua and Nathan individually owned the equipment. Although some evidence supported the notion that they transferred the equipment to the new partnership, the judge found that evidence outweighed by the contrary evidence that the brothers didn't transfer it. Bankr. Op. at 7, 13.

Peoples Bank appealed that decision regarding its unsecured interest. But it has not challenged the Bankruptcy Court's conclusions regarding the interests of other creditors—conceding that its interest (whether secured or not) is junior to that of all secured creditors. Appellant's Brief at 15 (DN 7) at 22.

## II. Review of the Bankruptcy Court's Decision

Peoples Bank argues that the Bankruptcy Court erred when it held that D & D Farms did not own the farm equipment in question. The legal determinations of the court below are subject to de novo review, while its factual conclusions may be reversed only for clear error. *U.S. Bank Nat'l Ass'n v. Vill. at Lakeridge*, 138 S. Ct. 960, 965–66 (2018). District courts review mixed questions of law and fact in a

---

[1] A hypothecation agreement, according to BLACK'S, is an agreement that pledges an asset as security without delivery of title or possession.

2

bankruptcy proceeding for clear error if they "immerse courts in case-specific factual issues." *Id.* at 967.

To start, this appeal presents a live controversy. Nutrien characterizes this appeal as "moot" because it views the value of the equipment as insufficient to provide Peoples Bank with a return on its claimed interest after higher-priority creditors are repaid. Nutrien Brief at 7–9 (DN 24 at 12–14). This is not enough to render the case moot, however. Even if a petitioner is insolvent and recovery is unlikely, *any* potential for recovery keeps the claim live and avoids mootness. *Mission Product Holdings, Inc., v. Tempnology, LLC*, 139 S. Ct. 1652, 1661 (2019). Nutrien may well be correct that the bank wouldn't benefit from establishing a security interest in the equipment because of the extent to which the partnership's liabilities currently outstrip its assets, and because of the bank's relationship to other creditors with security interests. Nutrien Brief at 7–9. But Nutrien hasn't pointed to anything that would absolutely preclude recovery based on this interest, either as a matter of law or as a matter of fact. As presented by the parties, anyway, Peoples Bank could possibly benefit from a secured interest in the equipment, so this appeal is not moot.

As to the merits, this appeal turns on whether Joshua and Nathan transferred their farm equipment to D & D Farms, and if so whether they transferred the equipment before or after the partnership took out the loan from Peoples Bank. Kentucky follows Article 9 of the Uniform Commercial Code. *See, e.g., Versailles Farm Home & Garden, LLC v. Haynes*, 647 S.W.3d 205, 206 (Ky. 2022). This requires a lender seeking a security interest to attach the agreement to collateral and then perfect the interest by filing a financing statement with the Secretary of State. *See* KRS 355.9-203 (attachment); KRS 355.9-502 (perfection). A security interest only attaches if the debtor has an interest in the pledged collateral. KRS 355.9-203.[2]

Peoples Bank points to several agreements that qualify as security agreements, including the promissory note and the hypothecation agreements. Peoples Bank Brief at 24–34 (DN 7 at 31–41). But security in what property? If these agreements purported to give the bank a secured interest in property held by D & D Farms, but D & D Farms owned no such property, then the agreements could not give the bank a secured interest in property owned by others. Even if the bank believed D & D Farms had rights in the collateral claimed in those contracts, that belief cannot

---

[2] Because Joshua and Nathan entered into security agreements with Peoples Bank in which they pledged their individual farm equipment as collateral for the D & D Farms loan, the bank could in theory argue that it has a security interest against the brothers individually. The bank, however, has not raised this argument on appeal—perhaps because the financing statement entered to perfect the loan did not list the brothers' individual equipment as collateral. *See 1st Source Bank v. Wilson Bank & Tr.*, 735 F.3d 500, 503 (6th Cir. 2013) (security interest limited to scope of financing statement).

supersede reality: if the property in question wasn't owned by the partnership, it wasn't attached through the agreements referring to the partnership's property.

Did the farm partnership own the equipment, or did the brothers own it in their individual capacities? That question turns on whether (and when) Joshua and Nathan transferred their farm equipment to D & D Farms. Partnership property transfers are governed by Kentucky partnership law, codified as the Revised Uniform Partnership Act. KRS 362.1-201, *et seq.* (adopting national model law verbatim). That Act treats partnership property as distinct from the property of the individual partners. KRS 362.1-203. Where, as here, individual partners acquire property and do not document its transfer to the partnership, the law presumes that the individual partner continues to hold the property. KRS 362.1-204. As explained by comments to the model statute, this presumption may be overcome by evidence that the partner intended to transfer title to the partnership. REVISED UNIFORM PARTNERSHIP ACT § 204 (amended 2013), COMMENT 3 (UNIFORM LAW COMM'N 1997); *see also Stephens v. Ainsworth*, 437 P.3d 51, 60 (Kan. Ct. App. 2019) (applying parallel Kansas provision).

As the Bankruptcy Court noted, no formal documentation memorializes a transfer of farm equipment from the Duvall brothers to D & D Farms. Bankr. Op. at 7. Peoples Bank argues that the Duvalls intended to transfer the equipment to the partnership before taking out the loan. The bankruptcy judge found otherwise, holding that the brothers never transferred the equipment. This is a mixed question of law and fact that depends on case-specific factual determinations, so the judge's ruling regarding the evidence before her merits deference. *Lakeridge,* 138 S. Ct. at 967. And Peoples Bank hasn't established that she erred—much less clearly so.

Although the parties marshal proof on both sides, the weight of the evidence supports the Bankruptcy Court's holding. Joshua and Nathan entered into several agreements with Peoples Bank that listed the farm equipment as their individual property, including three security agreements and three hypothecation agreements. Bankr. Op. at 7. These agreements were recorded on the same day that D & D Farms signed the promissory note that forms the basis for the claimed security interest. Appendix 1 at 20–37 (security agreements); Appendix 2 at 61–66 (hypothecation agreements). These agreements would make no sense if the brothers had previously transferred title to the partnership. The judge's ruling below, therefore, rested on an ample evidentiary basis.

In response, Peoples Bank presents affidavits by Joshua and Nathan Duvall from 2020 in which they claim that they transferred the farm equipment to D & D Farms. Appendix 2 at 47 (Joshua affidavit); *id.* at 76 (Nathan affidavit). Peoples Bank also points to a pre-loan balance sheet submitted to it by D & D Farms that lists the farm equipment as property of the partnership. *Id.* at 56. Both pieces of evidence carry some weight, but not that much. The balance sheet is of limited use because the Duvalls frequently blurred the lines between their personal property and their

4

partnerships in practice. Bankr. Op. at 8. And the affidavits differ from Joshua Duvall's testimony regarding, for example, the date of the purported transfer. Bankr. Ct. Hearing Tr. (DN 114) at 48:6–21 (Dec. 23, 2019) (Case No. 19-11272). The evidence of transfer, as the Bankruptcy Judge concluded and Kentucky law presumes, does not overcome the six signed agreements treating the farm equipment as separate property that the brothers never transferred to their partnership.

      The farm equipment was not the property of D & D Farms because the Duvalls purchased it separately and did not document any transfer of title. Because D & D Farms did not own title to the equipment, it could not pledge it as collateral. KRS 355.9-203. So Peoples Bank's claimed security interest failed to attach and the Court affirms the order of the Bankruptcy Court.

Benjamin Beaton, District Judge
United States District Court

September 29, 2022